UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 2:12-CV-066 JD |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

David Frohwerk, a *pro se* prisoner, initiated this case by filing four documents: Petition for Intervention, Petition for Humanitarian Relief, Petition for Redress of Grievances, and Petition for Bills of Particulars and Account Ledgers. Collectively, these filings form a single pleading and despite their various titles, the purpose of them is to obtain his release from prison. Specifically, Frohwerk seeks asylum in Switzerland because he is being illegally held, tortured, discriminated against, and exposed to hazardous substances in violation of international treaties. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). "Prisoners cannot avoid the . . . rules by inventive captioning." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* Because Frohwerk's goal with these filings is to end his confinement by the State of Indiana, this is a habeas corpus case.

Frohwerk alleges that the conditions of his confinement are a violation of international treaties, but conditions of confinement are not a basis for habeas corpus relief. *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.") Therefore this habeas corpus petition must be denied.

To the extent that Frohwerk wants to challenge the conditions of his confinement, that must be done in a civil rights lawsuit.[1] But Frohwerk knows that, because he is an abusive litigator who has already raised many of these issues in one or more of the twenty-three previous lawsuits that he has filed in this court. However, Frohwerk is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g) because he "has incurred at least 10 strikes for filing frivolous cases." *Frohwerk v. Lemmon*, 2:11-CV-221-PPS, ECF 44 at 1 n.1 (N.D. Ind. December 19, 2011). It appears that because of that restriction, he is now attempting to raise such claims in creatively captioned filings. This case will merely be dismissed, but if Frohwerk persists in such efforts, he may be fined, sanctioned or restricted. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). ("An effort to bamboozle the court . . . after a federal judge has held that § 1915(g) applies to a particular litigant will lead to . . . an order forbidding further litigation.")

---

[1] To the extent that Frohwerk wants to challenge a state court criminal convictions, he must file a habeas corpus petition on the form required by Section 2254 Habeas Corpus Rule 2(d). On he would have to set forth what conviction he was challenging, why he believes he is being held illegally, and how he has presented his claims in the state courts. But Frohwerk knows that because he already has three pending habeas corpus cases (2:11-CV-257, 2:11-CV-258, and 2:12-CV-051) challenging different state court criminal convictions. In addition one other habeas corpus petition was dismissed without prejudice so that he can finish exhausting his claims in state court.

For the foregoing reasons, this case is **DISMISSED** and David Frohwerk is **CAUTIONED** that if he files another frivolous or malicious lawsuit, he may be fined, sanctioned, or restricted.

SO ORDERED.

ENTERED: February 16, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court